GREEN, J.
delivered the opinion of the court.
This is a bill to recover possession of a negro girl. There is a mass of irrelevant testimony which it is unnecessary to notice. It appears from the proof, that Merritt Dillard, the father of the complainant, béing executor of Josiah Dillard in 1827, in N. Carolina, made a sale of the personal property of the estate of said Josiah, part of which was the girl in controversy, then about four years old; this girl was bid off at the sale by William J. Dillard, who conveyed her by bill of sale, dated 15th October, 1827, to the complainant, who was then about five years of *45 age. The price of the girl was advanced, to the estate of Josiah Dillard by the complainant’s father. The bill of sale was not registered until 1839. It is insisted by the defendant, that no title vested in the complainant by this proceeding in the State of North Carolina, because, as he alledges, the girl was bid off at the sale by William J. for Merritt Dillard, and at his request, so that no title passed to the said William by the sale, and consequently none was communicated by his deed to the com-, plainant; and because the said Merritt was so involved in debt at that time, that any gift he -would make to his daughter would be in fraud of his creditors, and therefore void; As to the first proposition in this defence, we think it is not sustained by proof. It is true, William J. Dillard in his deposition says, that he bid off this girl for the complainant’s father; but Merritt Dillard in his deposition directly contradicts the statement, and says, that he had no communication with the said William J. on the subject until after the sale — that thcj, said William J. came to him and told him that his purchases were beyond his means of payment, and requested him to take some of the negroes off his hands, which he agreed to do, and did so; procuring the said William J. to malte the conveyance aforesaid to his daughter, he paying the price of the negroes to the estate. This statement we believe to be correct. William J. Dillard himself, when cross-examined, says, “I bid off four negroes, Caroline and Willis for Merritt Dillard, and Chany and her child for a Maj. Ward; that is, they took them at my bid, and released me of the liability.” This statement does not support his first assertion, that he bid off’the negroes as the agent of Merritt Dillard, and not on his own account. He here says, “they took them at my bid and released me from liability.” A statement that indicates he had bid for them on his own account, and was liable, and that the other persons agreed afterwards to take them at his bid. This view of the subject agrees with the fact, that Chany and her two children (of which Caroline is one) were set up in a lot and sold together. That they were thus sold is proved by the testimony of Merritt Dillard, and by the return of the account of sales made by the executor. It is highly improbable, therefore, that in buying a lot of negroes, consisting of *46 a woman and two children, the bidder would act as the agent of one man as to the woman, and as the agent of another man as to the other child. As they were all cried off at an aggregate price of $360, if the bidder acted as the agent of Ward and Merritt Dillard both, it would have been necessary that they should confer together and agree upon the proportion of that sum that each would pay. But it is not pretended that there was any such conference. Merritt Dillard agreed with William J. Dillard, the bidder, to pay $100 of his bid and talce the girl Caroline for his daughter Sarah. In pui-suance of this agreement, the deed of the 15th October, 1827, was made.
We are, therefore, satisfied that the title to the girl Caroline passed to William J. Dillard by the purchase at the executor’s sale, and was vested in the complainant by the bill of sale aforesaid. This being the state of the title, the question of registration cannot arise in this case, the complainant not holding the legal title under the father, but under William J. Dillard; and as the want of registration can effect the title in favor of the creditors of the grantor only, Merritt Dillard’s creditors have no right to object to this deed on that account. Morgan vs. Elam, 4 Yerg. Rep.: Baldwin vs. Baldwin, 2 Hum. Rep. The only remaining question is, whether Merritt Dillard was so involved in debt that equity will not permit the one hundred dollars bestowed on his daughter in the purchase of this girl to be retained by her, but will hold her a trustee for the creditors of her father. Upon this subject there is a volume of testimony, but it is unnecessary to go into a minute examination of it. We are satisfied from all the proof, that although Merritt Dillard became very much involved before he moved to the western country, and has since been insolvent, yet that his embarrassments commenced after this transaction in 1827, and that he had ample property at the time this bill of sale was executed to satisfy every demand against him; and that after the payment of all his debts in North Carolina, he removed considerable property to Mississippi. He might, therefore, at the time this transaction occurred, lawfully advance for his daughter the one hundred dollars he gave for the girl Caroline.* Having done so, *47 she was vested with the legal title, by virtue of the bill of sale from William J. Dillard, discharged of any trust in favor of her father or his creditors. This being the case, the subsequent insolvency of her father could not affect her rights. The girl Caroline has always been held by Merritt Dillard for his daughter, the complainant, and not for himself; so that his possession instead of operating against the complainant, has been in confirmation of her title, if it needed confirmation. There is no pretence for the ground assumed in defence, that the complainant committed a fraud in permitting the negro to be sold as the property of her father without objection. Merritt Dillard says, that objection was made. But if that were not so, it is not pretended that this infant complainant would be affected unless she did some act by which bidders were imposed upon and induced to purchase; but this is not pretended. Upon the whole, we think the complainant has shown a clear right, both legal and equitable, to the negro in controversy, and therefore affirm the decree.

 See Smith vs. Greer, post.